UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE,<br>a/k/a Larry Lytle, and<br>IRINA KOSSOVSKAIA,<br><br>Defendants. | 5:17-CR-50020-01-02-RAL<br><br><br>OPINION AND AMENDED SCHEDULING ORDER FOR RESTITUTION DETERMINATION AND HEARING |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. WEIR,<br><br>Defendant. | 5:17-CR-50022-RAL |

These cases are related and involve overlapping groups of victims. On April 20, 2018, the Court conducted a partially combined sentencing hearing so that victims did not need to thrice address the Court and for the sake of judicial economy. The Court then conducted separate sentencing hearings to sentence each defendant separately. With regard to each defendant, the Court left the question of restitution under 18 U.S.C. §§ 3663 and 3664 open for 90 days and encouraged counsel to work together to determine within that time how much restitution each defendant owed and to whom. The

1

Court signed Judgments in these cases on April 23, 2018, confirming that restitution was left open for a 90-day period.

This Court previously entered a Scheduling Order for Restitution Determination and Hearing, Doc. 285 in 17-CR-50020-RAL, Doc. 72 in 17-CR-50022-RAL, setting an evidentiary hearing for July 30, 2018, if the parties could not agree to restitution amounts, and further setting certain deadlines for disclosing exhibits, witnesses, and restitution calculations. Meanwhile, Defendant Robert Larry Lytle fired his privately retained attorney and sought to have the Court appoint him counsel for his appeal. Ultimately, on July 6, 2018, this Court appointed Nathaniel F. Nelson as Lytle's counsel to handle the restitution hearing. Docs. 298, 299 in 17-CR-50020-RAL. The United States Court of Appeals for the Eighth Circuit separately appointed attorney Nelson to handle Lytle's appeal as well. Nelson, on behalf of Lytle, on July 13, 2018, filed separate motions to continue forfeiture hearing and to continue restitution hearing, Docs. 307, 308 in 17-CR-50020-RAL, indicating that he could not be sufficiently prepared by July 30 because of the thousands of pages of case material and complexity of restitution issues. Indeed, the amount of restitution and people or entities to whom restitution should be paid are not altogether straightforward. The Government does not oppose postponing the restitution hearing. Doc. 313 in 17-CR-50020-RAL. Defendant Irina Kossovskaia likewise informally requested through her attorney postponement of the hearing.

Defendant Ronald D. Weir Jr. has filed his own Motion to Continue, Doc. 80 in 17-CR-50022-RAL, representing that he needs additional time to see if an agreement can be reached on restitution and to review the approximately 1,000 pages of documents that the Government submitted as part of restitution hearing exhibits. The Government does not object to that motion. Doc. 81 in 17-CR-50022-RAL.

The postponement of the restitution determination beyond the 90-day period specified in 18 U.S.C. § 3664(d)(5) does not affect this Court's ability to award restitution under the circumstances. In <u>Dolan v. United States</u>, the Supreme Court held that "a sentencing court that misses the 90-day

2

deadline [to impose restitution under the Mandatory Restitution Act] nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 608 (2010). In Dolan, the district court sentenced the defendant on July 30, 2007, but held the issue of restitution open because it lacked information regarding hospital costs and lost wages which was required to determine the amount of restitution that would be owed. Id. The district court entered a judgment which indicated that restitution was mandatory, but that the court lacked sufficient information to set it at the time of sentencing and so "the Court will not order restitution at this time." Id. The Probation Office provided the district court with an addendum to the presentence report on October 5, 2007, which was 23 days prior to the 90-day deadline. However, the district court set the restitution hearing for February 4, 2008, which was roughly three months after that 90-day deadline. Id. at 609. At his restitution hearing, the defendant argued that because the 90 days had passed, the district court was no longer authorized to impose restitution. Id. In upholding the district court's authority to impose restitution after the 90-day period has passed, the Supreme Court in Dolan determined that 18 U.S.C. § 3664(d)(5) imposes a deadline which "seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed." Id. at 611. Importantly, the Court noted that even when a court misses the 90-day deadline "through its own fault or that of the Government," it would still retain the power to order restitution. Id.

The Eighth Circuit has also recognized a district court's continuing authority to impose restitution after the 90-day period in § 3664(d)(5) has passed, even when the defendant did not know precisely what the nature of that restitution would be. In United States v. Zaic, 744 F.3d 1040 (8th Cir. 2014), the district court initially awarded restitution at the defendant's sentencing hearing for child support arrearages, but was uncertain whether it could award restitution for healthcare premiums and ordered briefing from the parties on that question. Id. at 1041. The Government in its brief conceded

that restitution was not warranted for insurance premiums, but sought restitution for past medical expenses not covered by insurance. Id. at 1042. The district court eventually held a restitution hearing (after the 90-day period) where it awarded restitution for the past medical expenses. The defendant in Zaic argued that his case was distinguishable from Dolan because he was not put on notice that additional restitution would be sought for medical expenses, but rather the district court had left open the legal question of whether insurance premiums could be awarded as restitution. Id. at 1044. The Eighth Circuit rejected this argument, noting that the district court had stated at the sentencing hearing that it had 90 days to determine "*any* additional restitution." Id. The Eighth Circuit determined that the defendant "was on notice that he would have to pay restitution, though the amount was subject to change." Id.

Here all three defendants are on notice of a restitution obligation and further all three defendants are seeking postponement of the restitution evidentiary hearing beyond the 90-day period in § 3664(d)(5). This Court under the circumstances clearly retains authority to determine and order restitution even after the 90-day period elapses. Based on consultation with counsel, September 21, 2018, appears to be the best date for an evidentiary hearing on restitution. Therefore, it is hereby

ORDERED that a combined restitution evidentiary hearing is scheduled for **Friday, September 21, 2018, at 9 a.m. MT**, at the United States Courthouse in Rapid City, South Dakota, at which time the Court will hear evidence and determine separately the amount of restitution owed by each defendant, unless the parties are able to agree to restitution amounts before that date. It is further

ORDERED that the United States (if it has changes to its previously filed witness and exhibit lists) disclose on or before August 30, 2018, to the Court, and opposing counsel all proposed exhibits, witness list, and restitution calculation for each separate defendant. It is further

ORDERED that each defendant disclose on or before September 12, 2018, to the Court, the United States, and the other defendants any exhibits, witnesses, and alternative restitution calculations. It is further

4

ORDERED that if there is agreement on restitution amounts and victims between the United States and any defendant, the Court will forthwith enter an order and that any remaining dispute as to restitution amounts or victims will be resolved at the September 21, 2018 hearing. It is finally

ORDERED that Defendant Lytle's motions, Docs. 307, 308 in 17-CR-50020-RAL, and Defendant Weir's motion, Doc. 80 in 17-CR-50022-RAL, are granted to the extent set forth in this Order, although the Court contemplates an evidentiary hearing on restitution and not on any forfeiture issue, although counsel for Lytle may make any argument he wishes regarding forfeiture.

DATED this 20th day of July, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE