UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. WEIR, JR.,<br><br>Defendant. | 5:17-CR-50022-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR FURLOUGH |
|---|---|

This Court sentenced defendant Ronald Weir, Jr., (Weir), on April 23, 2018, to 24 months imprisonment with a self-surrender date of May 18, 2018. Doc. 73. Weir reported to the U.S Marshal Service as instructed on that date, and Weir was eventually transferred to Federal Prison Camp Yankton (FPC Yankton) in Yankton, South Dakota. This Court held open at Weir's sentencing the question of restitution, initially scheduling a restitution hearing for July 30, 2018. Doc. 72. After the April 23, 2018 sentencing hearing, one of Weir's co-defendants fired his retained counsel and this Court appointed new counsel to represent that defendant at the July 30, 2018 restitution hearing. Because of the voluminous record, this Court continued the restitution hearing as to that defendant to allow his newly appointed counsel adequate time to prepare for the hearing, and Weir subsequently filed his own motion to continue his restitution hearing. Doc. 80. This Court granted Weir's motion to continue and rescheduled the restitution hearing for September 21, 2018. Doc. 80.

Prior to this Court's order continuing the restitution hearing, Weir was transported from FPC Yankton to the Pennington County Jail, where he currently remains. Because the U.S. Marshal Service does not have the resources to transport Weir back to FPC Yankton and then return Weir to Rapid City

1

prior to his restitution hearing, Weir has filed a motion for furlough with this Court to allow his spouse to transport him back to FPC Yankton. Doc. 83. But this Court has no authority to grant Weir's motion for furlough because Congress has vested authority to grant furloughs to federal inmates in the BOP, not the courts. 18 U.S.C. § 3622 provides as follows:

> The [BOP] may release a prisoner from the place of his imprisonment for a limited period if such a release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him . . . .

18 U.S.C. § 3622. "The plain language of 18 U.S.C. § 3622 gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough." Izac v. Ziegler, No. 5:13-04223, 2013 WL 1310461, *2 (S.D.W.V. March 7, 2013) (citing United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996)). See also United States v. Padilla, No. CR 09-3598 JB, 2012 WL 2175749, *3 (D.N.M. May 31, 2012) ("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."); United States v. Watson, 2009 WL 1370915, *1 (M.D. Ala. May 14, 2009) ("No language in [18 U.S.C § 3622] grants district courts the authority to order or approve a furlough request.").

As this Court has no authority to grant Weir's motion for furlough, that motion, Doc. 83, is denied.

DATED this 3rd day of August, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

2